UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY A. BERRY, | ) |
|       Petitioner, | ) |
| v. | )    2:21-cv-00308-NT |
| STATE OF MAINE, | ) |
|       Respondent | ) |

**RECOMMENDED DECISION AFTER REVIEW OF HABEAS PETITION**

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241. Because Petitioner seeks relief from a state court judgment entered following his conviction on a charge of operating a vehicle without a license, Petitioner's filing is in substance a request for relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1; Attachment, ECF No. 1-1.) According to Petitioner, the state court imposed a fine only sentence.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." After a review in accordance with Rule 4, I recommend the Court dismiss the matter as the Court lacks jurisdiction to consider Petitioner's request for relief.

## DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).  The Supreme Court has interpreted the words "in custody" to cover not only "prisoners actually in the physical custody of the State," but also persons suffering "substantial restraints not shared by the public generally." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 508–10 (1982).  The critical date for the custody determination is the date the habeas petition was first filed in federal court. *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991). This is because the "collateral consequences" of a state conviction—such as voting or juror service restrictions—are sufficient to prevent a pending federal habeas petition from becoming moot after a petitioner is unconditionally released from state custody, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968), but when a petitioner's state sentence has already fully expired before filing a federal petition, the collateral consequences of a state conviction are insufficient to render a petitioner "in custody" for purposes of invoking a federal court's habeas jurisdiction. *Maleng*, 490 U.S. at 491–92.

Petitioner asserts that "there was no time involved only a fine." (Petition at 4.)  He also represents that he is "not incarcerated." (*Id*. at 9.)  "The fine itself is not a serious restraint and the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal habeas

jurisdiction." *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir. 1984). Habeas relief, therefore, is not available where a fine-only judgment has been entered. *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990).

In sum, Petitioner has not shown that he was in custody for purposes of the habeas corpus statute when he filed his federal petition. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case"); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (because custody requirement is jurisdictional, facts supporting custody determination "must be affirmatively alleged, and if challenged," the habeas petitioner "has the burden of persuading this court by a preponderance of the evidence that the court has jurisdiction"). Accordingly, this Court lacks subject matter jurisdiction to consider Petitioner's request for relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

            /s/ John C. Nivison
            U.S. Magistrate Judge

Dated this 14th day of December, 2021.